IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned On Briefs July 29, 2013

## WILMA ANN VANCE v. DONAH HOWARD ARNOLD

**Direct Appeal from the Circuit Court for Campbell County**
**No. 11961      John D. McAfee, Judge**

**No. E2012-02252-COA-R3-CV-FILED-AUGUST 28, 2013**

The trial court dismissed Husband's post-judgment motion based on its conclusion that it lacked subject matter jurisdiction. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

David M. Pollard, Jr., Jacksboro, Tennessee, for the appellants, Donah Howard Arnold.

Wilma Ann Vance, *Pro se.*

### MEMORANDUM OPINION[1]

#### *Background*

Donah Howard Arnold ("Husband") and Wilma Ann Vance ("Wife") were married on June 25, 1999. No children were born of the marriage. The parties separated in February 2002, and Wife filed a complaint for divorce in the Campbell County Circuit Court on April

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

8, 2002. Husband failed to file an answer to Wife's complaint, and on August 22, 2002, Wife filed a motion for default judgment. On September 3, 2002, the trial court conducted a hearing on Wife's motion for default judgment. Husband represented himself at the hearing, while Wife was represented by counsel. Following the hearing, on September 10, 2002, the trial court entered an order in which it granted Husband a continuance, and further granted Wife's oral motion for alimony *pendente lite* in the amount of $250.00 per week. Thereafter, on January 24, 2003, the trial court entered a final decree of divorce. The parties stipulated that grounds existed such that each was entitled to a divorce. Based on these stipulations, the trial court awarded each an absolute divorce from the other. The trial court, stated, however: "disposition of other matters is held in abeyance pending further trial."

On June 7, 2010, Husband filed a handwritten motion to modify support. In his motion, Husband explained that, after he began receiving Social Security disability benefits in the amount of $1,187.00 per month, Wife, then a resident of West Virginia, obtained the assistance of the West Virginia Bureau for Child Support Enforcement ("BCSE") to enforce the trial court's September 10, 2002, order. As a result, $537.50 of Husband's monthly disability benefits were being withheld each month. Husband asked the trial court to enter an order terminating any obligation on his behalf to further support Wife. Thereafter, on May 24, 2011, Husband, for the first time represented by counsel, filed a motion to terminate spousal support and for other relief. In this motion, Husband again explained his dilemma with respect to the withholding of his monthly disability benefits, and argued that Wife should not be entitled to such perpetual support following their three-and-a-half year marriage. Husband further argued that more than eight years had elapsed since the entry of the order declaring the parties divorced, and that the trial court had failed to dispose of the alimony *pendente lite* award but had held it in abeyance pending further hearings. Husband also argued that he and Wife cohabitated following the entry of the final decree, and that he should be entitled to a credit against amounts owed for support that he provided during that time. In addition, Husband attached an order from the Family Court of Mingo County, West Virginia, dismissing his *pro se* petition to terminate the income withholding from his disability benefits. In its order, the West Virginia court concluded that "[t]he Circuit Court of Campbell County, Tennessee, has never rendered a final decision on the issue of alimony . . . . This Court does not have jurisdiction to render a decision on the issue of alimony in the divorce action instituted in the State of Tennessee." Ultimately, on March 30, 2012, the trial court entered an terminating the alimony *pendente lite* award and applying its order retroactively to June 7, 2010, the date Husband filed his *pro se*, handwritten motion to modify support.

On May 17, 2012, Husband filed a Motion to Partially Set Aside and Modify Order Terminating Temporary Spousal Support, pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure. In his motion, Husband asserted that the West Virginia BCSE notified him

on May 5, 2012, that he owed $89,604.44 in alimony arrearages which had accrued since October 2002. Husband argued that, despite the fact that the parties cohabitated after the divorce, Wife had already received in excess of $10,955.55 through withholdings from his monthly disability benefits. Husband further argued that it would be inequitable to rquire him to pay $89,604.44 that arose from a temporary support award, and requested that the trial court relieve him of any further obligation to pay the outstanding support. On June 18, 2012, the trial court conducted a hearing on Husband's motion, but refused to proceed because Wife was not present at the hearing. Instead, the trial court ordered Wife's counsel to contact Wife and remind her of these proceedings, set the matter on the docket, and permitted Husband to conduct discovery regarding the issue of the parties' alleged cohabitation. After Wife failed to respond to Husband's requests for admissions, interrogatories, and requests for production of documents, Husband filed a motion to compel. On August 17, 2012, the trial court granted Husband's motion to compel. Subsequently, on September 21, 2012, the trial court entered an order dismissing Husband's Rule 60.02 motion for lack of subject matter jurisdiction. In its final order, the trial court concluded that "even if [Husband] deserves a credit for in-kind spousal support and the conversion of [Husband's] separate property by [Wife], the Court lacks jurisdiction to retroactively modify the temporary spousal support arrearage that is being enforced by the West Virginia [BCSE]." Husband timely filed a notice of appeal to this Court.

## *Discussion*

The dispositive issue on appeal is whether the trial court erred in dismissing Husband's Rule 60.02 motion for lack of subject matter jurisdiction. Subject matter jurisdiction involves a tribunal's lawful authority to adjudicate the controversy brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001). The subject matter jurisdiction of a tribunal in a particular case depends on the nature of the cause of action and the relief sought, *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn.1994); *SunTrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000), and can only be conferred on a tribunal by the Constitution of Tennessee or a legislative act. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977). Since the determination of whether subject matter jurisdiction exists is a question of law, our standard of review is *de novo*, with no presumption of correctness given to the decision below. *Northland Ins. Co.*, 33 S.W.3d at 729 (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

Before we address the issue presented by this appeal, we must first address whether it is appropriate for us to assume jurisdiction of this matter under Rule 3 of the Rules of Appellate Procedure. Pursuant to Rule 3, this Court assumes jurisdiction over appeals from

final judgments only. *Bayberry Assoc. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). Upon review of the record, we note that Wife's 2002 complaint for divorce included claims for a division of property and an award of alimony. As far as we can ascertain from the record transmitted to this Court, it appears that no order dividing the parties' property has been entered in the trial court. Further, notwithstanding the trial court's 2012 order terminating its 2002 award of temporary, *pendente lite* alimony, it does not appear that the trial court has adjudicated Wife's claim for alimony . Thus, it appears no final judgment has been entered in this matter where it appears that neither Wife's claim for alimony nor her claim for a division of property have been adjudicated.

We additionally note that on March 18, 2004, Wife filed a petition for contempt in which she asserted that Husband was approximately $19,500.00 in arrears on his alimony obligation where he had failed to pay her any alimony following the trial court's September 2002 award of alimony *pendente lite*. It appears that Wife's 2004 contempt petition has not been adjudicated by the trial court. The failure to adjudicate a petition for contempt that is filed *after* entry of judgment by the trial court does not affect the finality of the judgment. *State v Freeman*, — S.W.3d — , 2012 WL 4928859, at *10, n.5 (Tenn. Ct. App. Oct. 16, 2012)(citing *see Poff v. Poff*, No. 01-A-01-9301-CV00024, 1993 WL 73897, at *2 (Tenn. Ct. App. Mar. 17, 1993)(stating: "Contempt proceedings are collateral to and independent of the cases or proceedings from which they arise ..... [C]ontempt proceedings that arise after judgment has been entered ... do not affect the finality of the judgment.")). However, as noted above, the trial court's 2003 order was not final where it declared the parties divorced but did not adjudicate Wife's alimony or property claims. Further, even if we were to assume that, prior to the filing of Wife's contempt petition, the trial court entered an order adjudicating Wife's claim for a division of property that is not contained in the record transmitted to us, and even if we were to construe the trial court's 2012 order as one adjudicating Wife's claim for alimony, Wife's petition for contempt remained before the trial court when it entered its 2012 order.

Thus, it appears no final judgment has been entered in this matter where 1) it appears the trial court has not adjudicated Wife's claim for a division of property; 2) it appears the trial court has terminated the award of *pendente lite* alimony but has not otherwise adjudicated Wife's claim for alimony; and 3) assuming the trial court has entered an order dividing the parties' property that is not contained in the record transmitted to us, and assuming, *ad arguendo*, the trial court's 2012 order may be perceived as fully adjudicating Wife's claim for alimony, it appears the trial court did not adjudicate Wife's 2004 contempt petition prior to entry of its 2012 order.

For good cause in the most extenuating circumstances, we may suspend the finality requirements of Rule 3. *See Williams v. Tennessee Farmers Reassurance Co.*, No.

-4-

M2010?01689-COA-R3-CV, 2011 WL 1842893, at *4-6 (Tenn. Ct. App. May 12, 2011)(stating: "[t]his Court will suspend the finality requirements of Rule 3 of the Tennessee Rules of Appellate Procedure only in the most extenuating circumstances, where justice so demands."). In this case, we find that justice demands waiver of the finality requirement where dismissal of this appeal for lack of a final judgment would effectively deprive the parties of access to any court in light of the trial court's determination that it no longer has jurisdiction to adjudicate this matter. We accordingly turn to whether the trial court erred by dismissing Husband's Rule 60.02 motion for lack of subject matter jurisdiction.

Husband asserts that the trial court erred by determining that it lacked subject matter jurisdiction to adjudicate his Rule 60.02 motion. In his brief, Husband submits that, if the trial court does not have subject matter jurisdiction, and if the West Virginia court also lacks subject matter jurisdiction, then he is "a man without a court." Consistent with her conduct in the court below, Wife has failed to file a brief in this Court. We agree with Husband that the trial court has jurisdiction to adjudicate this matter.

Tennessee Code Annotated section 36-5-101(a) provides that, where a divorce decree includes provisions for spousal support, the decree shall "remain in the court's control." "It is well settled that this statute vests continuing and exclusive jurisdiction for the modification or enforcement of support orders, made pursuant to a divorce decree, with the original issuing court." *Rider ex rel. Rider v. Rider*, M2002-00556-COA-R3CV, 2003 WL 22345475, at *2 (Tenn. Ct. App. Oct. 15, 2003) (citing *Hoyle v. Wilson*, 746 S.W.2d 665, 671 (Tenn. 1988) ( "The Circuit Court of Davidson County has continuing jurisdiction over custody, support, contempt and other collateral matters that may arise subsequent to a divorce decree entered in that court."); *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977) ("A court in which an action is brought and which renders a decree respecting the care, custody and support of minor children continues to have jurisdiction of such matters until the children reach majority."); *Morrissey v. Morrissey*, 377 S.W.2d 944, 945 (Tenn. 1964) ("[I]n this State, every divorce decree, wherein an order is made for the support and maintenance of the wife and children, by statute remains in the court wherein the divorce decree was granted.")). Although the factual and procedural background of this case is far from normal, these peculiarities do not affect the trial court's jurisdiction. Accordingly, we conclude that the trial court erred in dismissing Husband's motion for lack of subject matter jurisdiction.

### *Holding*

In light of the foregoing, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with this Opinion. In so doing, we emphasize that we have waived the finality requirement of Rule 3 in this matter only to ensure that the parties are not deprived of access to the courts to adjudicate the matters that remain pending

in the trial court.  Costs of this appeal are taxed to the Appellee, Wilma Ann Vance.


_____
DAVID R. FARMER, JUDGE